# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
|---|---|---|
| vs. | : | |
| | : | NO. 06-315-01 |
| RONALD HARMON | : | |

DuBOIS, J.                                                                                        NOVEMBER 13, 2009

## M E M O R A N D U M

**I.    INTRODUCTION**

Petitioner, Ronald Harmon, is serving a 180-month federal prison sentence, having been convicted of possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e) (Count One), and simple possession of narcotics, in violation of 21 U.S.C. § 844 (Count Two).  Sentence was imposed on May 2, 2007, and was based on the Court's determination that Harmon, as an Armed Career Criminal, was subject to a mandatory minimum 180 month sentence under 18 U.S.C. § 924(e).  Petitioner appealed his sentence to the United States Court of Appeals for the Third Circuit which affirmed the sentence on August 29, 2008.

Presently pending is petitioner's *pro se* Motion under 28 U.S.C. § 2255.  In the Motion, petitioner collaterally attacks his sentence and asks the Court to vacate the sentence on the same ground as was raised and rejected in his direct appeal - that his 1987 narcotics conviction did not sufficiently identify the controlled substance to permit the Court to sentence him as an Armed Career Criminal. The habeas corpus motion also claims that sentencing counsel was ineffective for failing to file a sentencing memorandum fully setting forth petitioner's Armed Career Criminal argument.   In his Reply, petitioner argues that counsel was also ineffective for failure

to require the Government to produce any evidence of drug type or drug in support of the charge in Count Two of the Indictment - simple possession of narcotics, in violation of 21 U.S.C. § 844. For the reasons set forth below, petitioner's § 2255 motion is denied.

## II.     BACKGROUND

Petitioner was charged in a two-count Indictment filed June 27, 2006, with the crimes of possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(e), and with simple possession of a controlled substance in violation of 21 U.S.C. § 844. He pled guilty to those charges on December 19, 2006.

Sentencing was held on May 2, 2007. At that time, the Government argued that defendant was an Armed Career Criminal under 18 U.S.C. § 924(e) and thus was subject to a mandatory minimum sentence of 15 years. Section 924(e)(1) provides that a person who is convicted of a violation of 18 U.S.C. § 922(g) - possession of a weapon by a convicted felon - and has three previous convictions for a violent felony or a serious drug offense or both, committed on occasions different from one another, is subject to enhanced penalties - imprisonment of not less than 15 years. United States Sentencing Guideline § 4B1.4 provides that a defendant who is subject to enhanced penalties under § 924(e) is an Armed Career Criminal.

At sentencing, the Court determined that petitioner had three prior convictions - a robbery conviction on March 26, 1987, which qualified as a violent felony, and two controlled substance convictions - May 6, 1987, and March 4, 2002 - which qualified as serious drug offenses because, under the applicable state statutes, they were punishable by imprisonment for terms exceeding one year. Accordingly, he was sentenced, *inter alia*, to the mandatory minimum, 180

months incarceration. In his § 2255 motion, petitioner challenges the Court's determination that he is an Armed Career Criminal, arguing that the May 6, 1987 conviction, was not a serious drug offense. That is the precise argument that was made and rejected by the Court of Appeals.

III. DISCUSSION

    A. **Petitioner's Argument That His May, 1987, Drug Conviction Does Not Qualify as a Serious Drug Offense and That He Was Improperly Determined to Be an Armed Career Criminal**

The question of petitioner's Armed Career Criminal status was the sole issue presented in petitioner's appeal, and the Court of Appeals affirmed this Court's determination that petitioner was, in fact, an Armed Career Criminal. Specifically, the Court of Appeals ruled that the charging document involved in the May, 1987 conviction narrowed the charge to the felonious manufacture, delivery or possession with intent to manufacture or deliver cocaine, and defendant pled guilty to that charge. With respect to the guilty plea, the Court of Appeals noted that, on the reverse side of the charging document, petitioner wrote "I plead guilty to possession with intent to deliver a controlled substance." The fact that petitioner did not write the word "cocaine" after indication of his plea did not, in the opinion of the Court of Appeals, mean that he was pleading guilty to "a controlled substance, but not to cocaine." Notwithstanding the determination of the Court of Appeals, this Court will address petitioner's arguments.

It is well settled that an issue raised and litigated on direct appeal should not again be challenged in a collateral attack. *See Reed v. Farley*, 10 F.3d 100, 105 and n.4 (1993)("Section 2255 may not be employed to relitigate questions, on collateral attack, which were raised and rejected on direct appeal") (*United States v. Orejuela*, 639 F.2d 1055, 1057 (3d Cir. 1981)("Once a legal argument has been litigated and decided adversely to a criminal defendant at his trial and

3

on direct appeal, it is within the discretion of the district court to decline to reconsider those arguments if raised again in collateral proceedings under 28 U.S.C. § 2255.").[1]

In May, 1987, petitioner pled guilty to a controlled substance offense in violation of 30 Pa.C.S. § 780-113(a)(30). To qualify as a serious drug offense under the federal statute "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance . . . [must have] a maximum term of imprisonment of 10 years or more . . . ." 18 U.S.C. § 924(e)(2)(A)(ii).

The maximum sentence that may be imposed for a violation of the Pennsylvania law under which petitioner was convicted in May, 1987, is determined by the particular controlled substance possessed. 35 Pa.C.S. § 780-113(f). Possession with intent to deliver cocaine is punishable by up to 15 years imprisonment and is therefore an Armed Career Criminal Act ("ACCA") -qualifying offense. However, possession with intent to deliver several other controlled substances, has a maximum penalty lower than 10 years imprisonment. *Id*. Only if the controlled substance at issue in the May, 1987 case was cocaine can petitioner's May, 1987, conviction qualify as a "serious drug offense" under the ACCA.

Petitioner's argument that the controlled substance at issue in the May, 1987 conviction is not sufficiently identified under applicable law requires an analysis of *Shepard v. United States*, 544 U.S. 13 (2005), in which the Court discussed the way in which the Government must prove that a conviction qualifies as a violent felony (or a serious drug offense) under ACCA. The

---

[1] Petitioner incorrectly quotes the *Orejuela* court as stating "it is within the discretion of the court to reconsider those arguments raised again in collateral procedures." As stated above, the court actually said that it was "within the discretion of the court <u>to decline</u> to reconsider those arguments" (emphasis added).

Court in Shepard went on to rule that a court, in sentencing under ACCA, should look to statutory elements, charging documents, plea agreements and plea colloquies, and jury instructions to determine whether an earlier conviction qualifies under ACCA.

The charging document in the case in which defendant was convicted on May 6, 1987, states that petitioner "[f]eloniously did manufacture, deliver or possess with intent to manufacture or deliver a controlled substance classified under Schedule I, II, or III. Cocaine." App. 153. On the reverse side of that document, there is a handwritten notation above petitioner's signature that states, "I plead guilty to possession with intent to deliver a controlled substance." App. 152.

Petitioner contends now, as he did on appeal, that, because he did not write the word "cocaine" on his written plea, he was pleading guilty to a controlled substance offense, but not to a cocaine offense. This Court rejects that argument, as did the Court of Appeals, because it is absolutely clear that petitioner was pleading guilty to the offense charged - manufacturing, delivering or possessing with intent to manufacture or deliver cocaine. For that crime, the maximum term of imprisonment under state law was 15 years and the May 6, 1987 conviction is a ACCA-qualifying conviction.

### B. Petitioner's Ineffective Assistance of Counsel Claims

#### 1. Standard for Ineffective Assistance of Counsel

"Strickland v. Washington supplies the standard for addressing a claim of ineffective assistance of counsel." United States v. Smack, 347 F.3d 533, 537 (3d Cir. 2003) (citing Strickland, 466 U.S. at 687). "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that

5

the trial cannot be relied on as having produced a just result." Strickland, 466 U.S. at 686. This standard requires a familiar two-part inquiry. "First, the defendant must show that counsel's performance was deficient," that is, "that counsel's representation fell below an objective standard of reasonableness." Id. at 687–88. The measure for counsel's performance under the first prong of Strickland is "whether counsel's assistance was reasonable considering all the circumstances" including "prevailing professional norms." Id. at 687–88. "Second, the defendant must show that [counsel's] deficient performance prejudiced the defense." Id. at 687. The defendant must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. With respect to the prejudice prong of *Strickland*, the defendant must show an error which "constitutes 'a fundamental defect which inherently results in a complete miscarriage of justice.'" *Brecht v. Abrahamson*, 507 U.S. 619, 634 n.8 (1993), quoting *United States v. Timmreck*, 441 U.S. 780, 783 (1979).

**2. Petitioner's Claim That Counsel Failed to Challenge His Status as an Armed Career Criminal**

Petitioner argues in his petition that counsel was ineffective in failing to file a sentencing memorandum fully setting forth the "compelling, factually analogous case law" supporting his position that he was not an Armed Career Criminal. That argument is rejected because it is totally inconsistent with the facts - defense counsel effectively argued this issue at the two sentencing hearings in this case, he filed a sentencing memorandum in which the issue was addressed, and he provided the Court with supplemental legal authority in support of petitioner's arguments under the ACCA.

Defense counsel committed no error at all, much less an error that constitutes a miscarriage of justice, with respect to petitioner's Armed Career Criminal argument. He raised the ACCA issue orally at both sentencing hearings, he filed a sentencing memorandum prior to the first hearing, and he submitted a supplemental letter to the Court well in advance of the second hearing in which the issue was argued. He also submitted state sentencing guidelines in furtherance of petitioner's challenge at the second hearing.

Despite defense counsel's advocacy at sentencing in this Court, this Court rejected petitioner's arguments and determined that the documents presented to establish the May 6, 1987 conviction were sufficient to qualify petitioner under ACCA. Those arguments were also rejected by the Third Circuit on direct appeal.

### 3. Counsel's Alleged Failure to Require Proof of Drug Type

Petitioner argues for the first time in his Reply that counsel was ineffective for failure to require the Government to produce any evidence of drug type or drug weight to support the charge in Count Two of the Indictment - simple possession of cocaine in violation of 21 U.S.C. § 844. That claim is rejected for two reasons.

First, petitioner was questioned at the Change of Plea Hearing about the items seized from his car at the time of his arrest on October 30, 2005, including four bags of cocaine. Specifically, the Court asked "[d]id you knowingly possess those four bags of cocaine?" In response, petitioner replied "[y]es." The Court then asked "[a]nd you possessed them for resale or personal use?" Petitioner answered "[p]ersonal use" (Tr. 12/19/06 at 29).

Secondly, the sentence on Count Two - the count which charged simple possession of narcotics - did not increase defendant's sentence. Defendant was sentenced to a mandatory minimum sentence of 180 months pursuant to 18 U.S.C. § 924(e) on Count One. On Count

7

Two, he was sentenced to a concurrent sentence of six months. Thus, defendant was not prejudiced by any alleged deficient performance by defense counsel for failing to require proof of the cocaine charged in Count Two.

Petitioner's ineffective assistance of counsel arguments are rejected for all of the foregoing reasons.

## IV. CERTIFICATE OF APPEALABILITY

In the Third Circuit, a certificate of appealability is granted only if the petitioner makes: "(1) a credible showing that the district court's procedural ruling was incorrect; and (2) a substantial showing that the underlying habeas petition [or motion] alleges a deprivation of constitutional rights." Morris v. Horn, 187 F.3d 333, 340 (3d Cir. 1999); see also 28 U.S.C. § 2253(c)(2) ("A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.") The Court concludes that petitioner has not made such a showing. Thus, the Court will not issue a certificate of appealability.

## 1. CONCLUSION

For the foregoing reasons, petitioner's Petition for Relief From Judgment Pursuant to 18 [28] U.S.C. § 2255 is denied.